IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ZACHARY FRANK SEIDEL,

    Plaintiff,

v.

BRAD JOHNSON,

    Defendant.

3:15-cv-02135-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff Zachary Frank Seidel brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] *See* Compl. (#2). Seidel alleges that defendant police officer Brad Johnson violated his civil rights by placing him under arrest. Seidel is proceeding *in forma pauperis* pursuant to a previous Order (#6) of the court.

On December 29, 2015, I issued an Order to Show Cause (#7) why Seidel's case should not be dismissed under the abstention principles announced in *Younger v. Harris*, 401 U.S. 37 (1971). Seidel filed his Response (#11) to the Order to Show Cause on January 19, 2016. For the reasons provided below, I find that Seidel's action should be dismissed.

---

[1] Seidel attempts to assert his claims under 42 U.S.C. § 242, which criminalizes civil rights violations. *See* Compl. 3 (#2). That provision does not create a private cause of action. *See, e.g., Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003). However, because Seidel is a *pro se* litigant, I liberally construe his Complaint as asserting claims under 42 U.S.C. § 1983. *See, e.g., Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Archer v. Potter*, No. CIV.05-25-BR, 2005 WL 3823041, at *1 (D. Or. Dec. 2, 2005).

FINDINGS AND RECOMMENDATION—PAGE 1

## BACKGROUND

This case arises from an incident during a city council meeting at Astoria City Hall on June 1, 2015. During that meeting, Seidel took to the podium and "began speaking on the legality of actions surrounding coxcomb hill cell phone tower conspiracy." Compl. 3. Seidel was subsequently arrested by Johnson, who Seidel claims is a party to the conspiracy. *Id.* As a result, Seidel is currently defending against three criminal charges, to which he has pleaded not guilty. *Id.* Seidel now seeks an injunction restricting Clatsop County law enforcement agencies and personnel to performance of emergency services only. *See* Compl. 5.

## LEGAL STANDARDS

"Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances." *Espinoza v. Montgomery*, 107 F. Supp. 3d 1038, 1042 (N.D. Cal. 2015) (citing *Younger*, 401 U.S. at 43-54). *Younger* and its progeny cases generally require federal district courts to abstain from granting injunctive relief when state criminal actions are pending against the federal plaintiff at the time he commences the federal action. *See, e.g., Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (en banc).

This court must dismiss an action brought *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).[2] *Pro se* pleadings must be liberally construed. *See, e.g., Balistreri*, 901 F.2d at 699; *Archer*, 2005 WL 3823041, at *1.

---

[2] "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

FINDINGS AND RECOMMENDATION—PAGE 2

## DISCUSSION

Seidel's action should be dismissed under the abstention principals set forth in *Younger*. Under *Younger*, "federal courts should almost never enjoin state criminal proceedings." *Gilbertson*, 381 F.3d at 975 (en banc). "[A]n exception to abstention applies if the state proceedings demonstrate 'bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate.'" *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003) (quoting *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir. 1992)).

As a threshold matter, I find that the injunctive relief sought by Seidel would clearly interfere with the ongoing state criminal proceedings against him. Again, Seidel seeks an injunction restricting Clatsop County law enforcement agencies and personnel to performance of emergency services only. *See* Compl. 5. Such an injunction would, at the very least, prevent Johnson—who is likely an important witness in the criminal case against Seidel—from participating in the state criminal proceedings.

Next, I find no indication of extraordinary circumstances warranting federal intervention in this matter. Therefore, the court should abstain and dismiss Seidel's action. *See Younger*, 401 U.S. at 54; *Baffert*, 332 F.3d at 617; *see also Mitchell v. Mitchell*, No. C15-1259RAJ, 2015 WL 6829628, at *2, 5-6 (W.D. Wash. Nov. 6, 2015) (holding that a plaintiff fails to state a claim for relief when his complaint is barred by the *Younger* abstention doctrine); *Taylor v. Alexander*, No. CV 13-0983-PHX-RCB, 2013 WL 5781095, at *4 (D. Ariz. Oct. 25, 2013) (same) (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1224 (9th Cir. 2006)); *Penwell v. O'Donnell*, No. C08-1697-JLR-BAT, 2009 WL 187915, at *1 (W.D. Wash. Jan. 23, 2009) (same).

## CONCLUSION

For the reasons provided above, this action should be dismissed without prejudice. Seidel's Motion for Appointment of Counsel (#3) should be denied as moot. Judgment should be entered accordingly. The Court certifies that an appeal from an Order adopting this Findings and Recommendation would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. The Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.

Dated this 22nd day of January, 2016.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge