IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZACHARY FRANK SEIDEL**, | Case No. 3:15-cv-02135-PK |
| Plaintiff, | **ORDER** |
| v. | |
| **BRAD JOHNSON**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on January 22, 2016. Dkt. 12. Judge Papak recommended that the Court dismiss without prejudice Plaintiff Zachary Frank Seidel's ("Seidel" or "Plaintiff") 42 U.S.C. § 1983 claim[1] requesting an injunction that would restrict Clatsop County law enforcement agencies and personnel to performance of emergency services only. Judge Papak further recommended that the Court deny as moot Seidel's motion for appointment of counsel (Dkt. 3). Judge Papak based his recommendations on the general requirement under *Younger v. Harris*, 401 U.S. 37 (1971),

---

[1] A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Accordingly, the Court construes Seidel's complaint as alleging a 42 U.S.C. § 1983 civil rights claim.

PAGE 1 – ORDER

that federal district courts abstain from granting injunctive relief when state criminal actions are pending against a plaintiff based on the same conduct for which the plaintiff alleges an injury in federal court. In his complaint, Seidel asserts that he is currently defending against three charges based on the events that underlie his federal claim. No party has filed objections.[2]

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

---

[2] In consideration of Seidel's *pro se* status, the Court extended the time for Seidel to file objections to Judge Papak's findings and recommendation. Seidel therefore had ample time to notify the Court of the status of the criminal charges, if any, against him. Because Seidel has not notified the Court of the status of any state criminal proceedings, the Court assumes for purposes of this Order that the criminal charges described in Seidel's complaint are still currently pending against him.

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Papak's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court **ADOPTS** Judge Papak's Findings and Recommendation, Dkt. 12. Seidel's 42 U.S.C. § 1983 claim is dismissed without prejudice. Seidel remains free to reassert the claim when he can demonstrate that any state criminal proceedings concerning the incident described in his complaint have been resolved. Seidel's Motion for Appointment of Counsel (Dkt. 3) is denied as moot. The Court further finds that any appeal from this Order would not be taken in good faith and Seidel's *in forma pauperis* status should be revoked pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATED this 29th day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge